**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DAVID P. HARRIS, | ) |
| Plaintiff, | ) ) |
| vs. | ) Cause No. 2:09-CV-0019 PS |
| R. MASON, *et al.*, | ) ) |
| Defendants. | ) ) |

## **OPINION AND ORDER**

Plaintiff David Harris, submitted a complaint pursuant to 42 U.S.C. § 1983, while he was a prisoner confined at the Westville Correctional Facility, alleging that Gary, Indiana police officers R. Mason, S. Lillie, and L. Hampton violated his Fourth Amendment rights when they stopped and searched his vehicle and arrested him. Pursuant to 1915A(a), the court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the United States Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to

relief above the speculative level." *Id.* at 1965. Two weeks after *Bell Atlantic* was decided, the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 2200. In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

Harris brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Matoon*, 378 F.3d 642, 647 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

According to the complaint, on April 19, 2008, the defendants violated the Fourth Amendment's prohibition against unreasonable searches and seizure when they stopped his vehicle without reasonable suspicion or probable cause. According to the Complaint, the

2

defendants then illegally searched the vehicle and arrested Harris without probable cause.

Giving Harris the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Fourth Amendment unreasonable search and seizure claim.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against the defendants in their personal capacities for damages on the his Fourth Amendment search and seizure claim;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) **DIRECTS** the marshals service to effect service of process on the defendants on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint.

**SO ORDERED**.

**ENTERED**: May 11, 2009

                                                /s Philip P. Simon
                                                Philip P. Simon, Judge
                                                United States District Court